## No. 6142.

### S. M. ROUTH ET AL. VS. CITIZENS' BANK.

$\frac{28}{115} \frac{569}{400}$

Whether, when the Citizens' Bank foreclosed its mortgage, on the fourteenth of March, 1874, and was enjoined by the heirs of Routh on various grounds, the adjudication of the community property to Widow Routh in December, 1870, was regular or not, said widow was in possession, and she was proceeded against as tutrix and individually. The mortgage imported a confession of judgment and contained the pact *de non alienando*.

If Mrs. Pauline Percy, one of the heirs, was not authorized by her husband to make the waiver of notice of seizure, etc., she purchased at said sale, and her husband authorized and assisted her to make the purchase. She is estopped therefore from denying the regularity of the notice of seizure, etc.

If the mortgage notes were prescribed, it was the duty of the tutrix to plead prescription, and she may be responsible to the heirs for her neglect, but this is no cause to annul a sale under the judgment rendered on the notes.

As to the want of service of a notice of the order of seizure and sale on the tutrix, it is alleged that the notice was not addressed to any one, and the tutrix signed it without affixing the word *tutrix* after her name. But the widow was sued individually and as tutrix. The title of the suit is given, and then the usual notice of the order of seizure and sale.

This was delivered to the sheriff, who obtained the signatures of the widow and of the heirs of age present to the following waiver, written at the bottom of the notice: "We and each of us do hereby waive service and all legal delays or formalities;" and on the same day he served it on the curator *ad hoc* of one of the heirs, who was absent.

There is no law which requires this notice to be *addressed* to any one, nor is there any force in the objection that the tutrix failed to add to her signature the word *tutrix*. She had the right to waive the *formalities*, and she manifestly intended to waive them, individually and as tutrix. But, be that as it may, the prescription of five years pleaded against any informalities connected with or growing out of the sale must be maintained.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. *Mayo & Spencer* and *Drake*, for plaintiffs and appellees. *Labatt, Aroni & Clinton* and *Armand Pitot*, for defendants and appellants.

LUDELING, C. J. On the first of February, 1858, Stephen M. Routh, Sr., executed a mortgage on his Palmetto and Routhwood plantations to secure sixty-five thousand dollars, evidenced by thirteen promissory notes made to the order of R. W. Estlin & Co. The mortgage was made in favor of any holder or holders of the notes, and contained the pact *de non alienando*, and imported a confession of judgment. Estlin & Co. subsequently transferred these notes, by authentic act, to the Citizens' Bank. In 1858 S. M. Routh died, leaving ten children, two majors and eight minors. In November his widow, A. E. Routh, qualified as natural tutrix of her minor children. The Routhwood plantation was the separate property of Stephen M. Routh; all other properties in his possession when he died were community property.

In December, 1860, the community property was adjudicated to the widow, with the exception of the interests of three of the heirs, who at that time were of age.

43

On the twenty-second day of December, 1868, the Citizens' Bank obtained an order of seizure and sale against the said plantation, and at the sale the bank bought the property. On the first of June, 1869, the bank sold the two plantations to S. M. Routh, Jr., Horatio P., Job R., Alice, Clarence, Octo, Charles B. Routh, and Pauline Routh for the sum of fifty thousand dollars, five thousand dollars cash, and the balance on a credit, for which notes were given, secured by a mortgage on the plantations. It was stipulated in the deed by the purchasers that the minor heirs were to have the benefit of the purchase equally with the other heirs of Routh who bought.

Having failed to pay the notes given for the consideration of the price, the bank again foreclosed the mortgage on the fourteenth of March, 1874, and on the eighteenth of March all the heirs of S. M. Routh, Sr., enjoined the sale on the following grounds, to wit: that a part of the property mortgaged had been the separate property of their father; that the adjudication of the community property was null and void, for various reasons stated; that at the time the bank foreclosed the first mortgage Charles B. Routh, Ernest Routh, and Amelia Routh were minors, and the notes of the bank were prescribed, and the minors were not affected by the acts of the tutrix in waiving demand and notice of seizure in the suit to foreclose the mortgage, and that the tutrix could not in any manner revive the extinct notes; that at the time Pauline Routh accepted service of notice, etc., in said suit, she was not authorized by her husband to do so; that therefore the sale did not divest the title of said four heirs, and the purchasers did not acquire title to the whole of said plantations, and they ask for a diminution of the price to thirty thousand dollars, being six tenths of the whole, and this amount they allege they have paid.

Whether the adjudication of the community property was regular or not, the widow was in possession, and she was proceeded against as tutrix and individually. The mortgage imported a confession of judgment, and contained the pact de non alienando.

If Mrs. Pauline Percy was not authorized by her husband to make the waiver of notice of seizure, etc., she purchased at said sale, and her husband authorized and assisted her to make the purchase. She is estopped from denying the regularity of the notice of seizure, etc. If the notes were prescribed, it was the duty of the tutrix to plead prescription, and she may be responsible to the heirs for her neglect, but this is no cause to annul a sale made under the judgment rendered on the notes.

As to the want of service of a notice of the order of seizure and sale on the tutrix, it is alleged that the notice was not addressed to any one, and that the tutrix signed it without affixing the word tutrix after her name.

The widow was sued individually and as tutrix. The title of the suit is given, and then follows the usual notice of the order of seizure and sale. This was delivered to the sheriff, who obtained the signatures of the widow and of the heirs of age present to the following waiver, written at the bottom of the notice: " We, and each of us, do hereby waive service and all legal delays and formalities," and on the same day he served it on the curator *ad hoc* of one of the heirs who was absent.

There is no law which requires this notice to be *addressed* to any one. Nor do we see any force in the objection that the tutrix failed to add to her signature *tutrix.* She had a right to waive the *formalities,* and she manifestly intended to waive them individually and as tutrix. But, be that as it may, the prescription of five years pleaded against any informalities connected with or growing out of the sale must be maintained. C. C. 3543. As to the notice of the order of seizure and sale, it was served upon Ann Eliza Routh, who was the tutrix. This is proved by her signature written at the bottom of the notice.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the Citizens' Bank dissolving the injunction, with five hundred dollars damages against the plaintiffs in injunction, and for costs in both courts, and that there be judgment in favor of the Citizens' Bank against the mortgagers for the amount of the debt described in the answer, to wit: $38,787 51, with eight per cent interest from the eighteenth of December, 1872, and five per centum thereon as attorney's fees, and that the mortgage be recognized and made executory on the property described in the act of mortgage.

Rehearing refused.